

FILED
Aug 20. 2008
AUG 2 0 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 208 – 1 |
| vs. | ) | Judge John W. Darrah |
| | ) | |
| LORNA A. CLARKE | ) | |

## PLEA AGREEMENT

1.     This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant LORNA A. CLARKE, and her attorney, BENJAMIN EARL STARKS, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(C) and Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2.     The superseding indictment in this case charges defendant with wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Counts 1-5).

3.     Defendant has read the charges against her contained in the superseding indictment, and those charges have been fully explained to her by her attorney.

4.     Defendant fully understands the nature and elements of the crimes with which she has been charged.

### Charge to Which Defendant is Pleading Guilty

5.     By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Count One of the superseding indictment. Count One charges defendant with wire fraud,

in violation of Title 18, United States Code, Sections 1343 and 2. In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

### Factual Basis

6.    Defendant will plead guilty because she is in fact guilty of the charge contained in Count One of the superseding indictment. In pleading guilty, defendant admits the following facts and that those facts establish her guilt beyond a reasonable doubt, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

On or about February 7, 2007, at Northlake, in the Northern District of Illinois, Eastern Division, LORNA A. CLARKE, defendant herein, and co-defendant Marlin Martinez, for the purpose of executing and attempting to execute a scheme to defraud, did knowingly cause to be transmitted in interstate commerce from Northlake, Illinois, to Bentonville, Arkansas, by means of wire and radio communications, certain writings, signs, and signals, namely a data transmission through the Internet from a Wal-Mart store in Northlake, Illinois to Wal-Mart's headquarters in Bentonville, Arkansas, consisting of a Deposit Summary Report, in violation of Title 18, United States Code, Sections 1343 and 2.

Specifically, from on or about October 2006 until at least on or about March 13, 2008, the defendant and co-defendant Martinez were employed as full-time Accounting Office Associates at the Wal-Mart store located in Northlake, Illinois. Their responsibilities included preparing deposits, counting cash, processing checks received in the store's cash office, and maintaining an appropriate cash and change balance in the cash office for the

2

store's operations. The defendant and Martinez were also responsible for transferring cash from the cash office to the appropriate cash register when the register's cash drawer was short of funds. Defendant was responsible for ordering change for the Northlake Wal-Mart from the local bank, but Martinez more frequently placed and processed the change orders.

In on or about October 2006, Martinez approached the defendant and asked her to participate in a scheme to defraud Wal-Mart. Martinez told the defendant that they both needed money and that no one would find out about the scheme. Defendant agreed to participate in the scene. As part of the scheme, Martinez documented cash purportedly delivered from the cash office of Wal-Mart's Northlake store ("cash office") to a specific cash register (register number 77) within the Wal-Mart store without actually transferring the cash to the register. Instead, Martinez took this cash for her own use and benefit, after giving the defendant a portion of the money for the defendant's own use and benefit. Between October 2006 and March 2008, the scheme resulted in a loss to Wal-Mart of approximately $262,144.80. Martinez determined how much money the defendant received as her portion of the money stolen from Wal-Mart. The defendant received approximately $50,000 from Martinez during the course of the scheme. The defendant did not receive more than $2,000 from Martinez as part of the scheme on any particular day. Martinez most frequently gave the defendant her portion of the money in a room adjoining the cash office.

To conceal the theft, the defendant and Martinez placed counterfeit or altered checks into the daily deposit at the cash office. The defendant and Martinez obtained checks and altered the checks before placing them into the daily deposit. Specifically, Martinez provided the Firstar Bank checks and defendant provided the Bank One checks used in the scheme. The defendant altered most of the checks using a typewriter. Martinez filled in the amount of the checks. The total dollar amount of the counterfeit or altered checks defendant and Martinez placed into the daily deposit on a specific day equaled the total amount of cash that defendant and Martinez falsely recorded as cash delivered to register number 77 on that day. The defendant and Martinez had actually taken the money for their personal use and benefit.

On February 7, 2008, the defendant prepared and submitted, or caused the preparation and submission of, the daily Deposit Summary Report. This report purportedly documented the daily transactions of currency, checks, bank cards, debit cards, and other means of payment to the Northlake Wal-Mart. This report also purportedly documented the amount of the daily deposits to be deposited into the Northlake Wal-Mart's local bank account. On or about February 7, 2008, the Deposit Summary Report was transmitted through the Internet from the Northlake Wal-Mart store to Wal-Mart's headquarters in Bentonville, Arkansas.

7.    The foregoing facts are set forth solely to assist the court in determining whether a factual basis exists for defendant's plea of guilty and criminal forfeiture, and are not intended to be a complete or comprehensive statement of all the facts within defendant's personal knowledge regarding the charged crimes and related conduct.

4

## Maximum Statutory Penalties

8.      Defendant understands that the charge to which she is pleading guilty carries the following statutory penalties:

a.      A maximum sentence of 20 years' imprisonment.  This offense also carries a maximum fine of $250,000, or twice the gross gain or gross loss resulting from that offense, whichever is greater.  Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

b.      Defendant further understands that the Court must order restitution to the victim of the offense in an amount determined by the Court.

c.      In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which she has pled guilty, in addition to any other penalty or restitution imposed.

## Sentencing Guidelines Calculations

9.      Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines.  Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

10.      For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

5

a. **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2007 Guidelines Manual.

b. **Offense Level Calculations.**

i. The base offense level for the charge in Count One of the superseding indictment is 7, pursuant to Guideline §2B1.1(a)(1)(B).

ii. Pursuant to Guideline §2B1.1(b)(1)(G), the offense level must be increased by 12 levels because the loss amount resulting from the offense of conviction, was more than $200,000 but less than $400,000.

iii. Pursuant to Guideline §3B1.2(b), the offense level is decreased by 2 levels because the defendant was a minor participant in the criminal activity.

iv. Pursuant to Guideline §3B1.3, the offense level is increased by 2 levels because the defendant abused a position of private trust in a manner that significantly facilitated the commission or concealment of the offense.

v. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for her criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for her actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested

6

financial information relevant to her ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

vi.    In accord with Guideline §3E1.1(b), defendant has timely notified the government of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

c.    **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

d.    **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 16, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory Sentencing Guidelines range of 21 to 27 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

e.    Defendant and her attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon

7

which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw her plea on the basis of the Court's rejection of these calculations.

f. Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw her plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

## Cooperation

11. Defendant agrees she will fully and truthfully cooperate with the United States Attorney for the Northern District of Illinois in any matter in which she is called upon to cooperate. This cooperation shall include providing complete and truthful information in any

8

investigation and pre-trial preparation and complete and truthful testimony in any criminal, civil or administrative proceeding. Only the United States Attorney for the Northern District of Illinois may require defendant's cooperation pursuant to this Plea Agreement. Defendant agrees to the postponement of her sentencing until after the conclusion of her cooperation.

### Agreements Relating to Sentencing

12.     At the time of sentencing, the government shall make known to the sentencing judge the extent of defendant's cooperation. If the government determines that defendant has continued to provide full and truthful cooperation as required by this plea agreement, then the government shall move the Court, pursuant to Guideline §5K1.1, to depart from the applicable Guideline range  and to impose the specific sentence agreed to by the parties as outlined below. Defendant understands that the decision to depart from the applicable guidelines range rests solely with the Court.

13.     If the government moves the Court, pursuant to Sentencing Guideline §5K1.1, to depart from the applicable Guideline range, as set forth in the preceding paragraph, this Agreement will be governed, in part, by Federal Rule of Criminal Procedure 11(c)(1)(C). That is, the parties have agreed that the sentence imposed by the Court shall include a term of imprisonment in the custody of the Bureau of Prisons of 66 percent of the ~~applicable~~ low end of the guideline range. Other than the agreed term of incarceration, the parties have agreed that the Court remains free to impose the sentence it deems appropriate. If the Court accepts and imposes the agreed term of incarceration set forth, defendant may not withdraw this plea as

9

a matter of right under Federal Rule of Criminal Procedure 11(d) and (e). If, however, the Court refuses to impose the agreed term of incarceration set forth herein, thereby rejecting this plea agreement, or otherwise refuses to accept defendant's plea of guilty, either party has the right to withdraw from this plea agreement.

14.    If the government does not move the Court, pursuant to Sentencing Guideline §5K1.1, to depart from the applicable Guideline range, as set forth above, this plea agreement will not be governed, in any part, by Federal Rule of Criminal Procedure 11(c)(1)(C), the preceding paragraph of this plea agreement will be inoperative, and the Court shall impose a sentence taking into consideration the factors set forth in 18 U.S.C. § 3553(a) as well as the Sentencing Guidelines without any downward departure for cooperation pursuant to §5K1.1. Defendant may not withdraw her plea of guilty because the government has failed to make a motion pursuant to Sentencing Guideline §5K1.1.

15.    Regarding restitution, the parties acknowledge that pursuant to Title 18, United States Code, § 3663A, the court must order defendant, together with any jointly liable co-defendant, to make full restitution to Wal-Mart Stores, Inc. in an amount to be determined by the Court at sentencing, which amount shall reflect credit for any funds repaid prior to sentencing. Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing.

10

16.     Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

17.     After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the superseding indictment as to this defendant.

### Forfeiture

18.     The superseding indictment charges that defendant is liable to the United States for approximately $262,144.80, which funds are subject to forfeiture because those funds constitute and are derived from proceeds traceable to the violations alleged in Count One. By entry of a guilty plea to Count One of the superseding indictment, defendant acknowledges that the property identified above is subject to forfeiture.

19.     Defendant agrees to the entry of a forfeiture judgment in the amount of $262,144.80, and against the property identified above, in that this property is subject to forfeiture.  Prior to sentencing, defendant agrees to the entry of a preliminary order of forfeiture relinquishing any right of ownership she has in the above-described funds and further agrees to the seizure of these funds so that these funds may be disposed of according to law.  Defendant is unaware of any third party who has an ownership interest in, or claim to, the property subject to forfeiture.

20.    Defendant understands that forfeiture of this property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

### Presentence Investigation Report/Post-Sentence Supervision

21.    Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against her, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing, including the nature and extent of defendant's cooperation.

22.    Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of her financial circumstances, including her recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of her sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

12

23.    For the purpose of monitoring defendant's compliance with her obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

24.    This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 08 CR 208.

25.    This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District

13

of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

26.    Defendant understands that by pleading guilty she surrenders certain rights, including the following:

a.    **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against her, and if she does, she would have the right to a public and speedy trial.

i.    The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.    If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and her attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii.    If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict her unless, after hearing

14

all the evidence, it was persuaded of her guilt beyond a reasonable doubt and that it was to consider each count of the superseding indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

iv.     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v.     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them.

vi.     At a trial, defendant could present witnesses and other evidence in her own behalf. If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii.     At a trial, defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify. If defendant desired to do so, she could testify in her own behalf.

b.     **Waiver of appellate and collateral rights.**     Defendant further

15

understands she is waiving all appellate issues that might have been available if she had exercised her right to trial. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal her conviction and the sentence imposed. Acknowledging this, if the government makes a motion at sentencing for a downward departure pursuant to Sentencing Guideline § 5K1.1, defendant knowingly waives the right to appeal her conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution or forfeiture, in exchange for the concessions made by the United States in this Plea Agreement. In addition, defendant also waives her right to challenge her conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation.

      c.     Defendant understands that by pleading guilty she is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to her, and the consequences of her waiver of those rights.

## Other Terms

27.    Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

## Conclusion

28.    Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

29.    Defendant understands that her compliance with each part of this Plea Agreement extends throughout the period of her sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event she violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in

17

accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

30.    Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

31.    Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

32.    Defendant acknowledges that she has read this Plea Agreement and carefully reviewed each provision with her attorney. Defendant further acknowledges that she understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: _August 13, 2009_

PATRICK J. FITZGERALD
United States Attorney

LORNA A. CLARKE
Defendant

RENATO MARIOTTI
Assistant U.S. Attorney

BENJAMIN EARL STARKS
Attorney for Defendant

18